Bing Zhang Ryan (Bar No.: 228641)
**ZHANG LAW LLP**
2950 Buskirk Avenue, Suite 300
Walnut Creek, CA  94597
Telephone: (925) 257-3097
Email: bzhanglaw@gmail.com

*Attorney for Defendants and Counter-Claimants*
*Lantingxu One LLC, Yuzhu Chen and Jing Zeng*

# UNITED STATES DISTRICT COURT

## NORTHERN DISTRICT OF CALIFORNIA

| | |
|---|---|
| Prince Fen Guizhou Cuisine Service LLC d/b/a Mifen 101 Yao Ling Yao a/k/a Mifen 101 Hua Xi Wang and Xiaoli Xue,<br><br>        Plaintiffs,<br><br>    v.<br><br>Lantingxu One LLC d/b/a Joyous Cuisine Hua Xi Wang, Yuzhu Chen, Jing Zheng, Chaoxing Zhou, Ning Zhang, Junhong Zhou, Meijing Tian, and DOES 1-10,<br><br>        Defendants.<br>_____<br>Lantingxu One LLC d/b/a Joyous Cuisine Hua Xi Wang, Yuzhu Chen, Jing Zeng,<br><br>        Counter-Claimants,<br><br>    v.<br><br>Prince Fen Guizhou Cuisine Service LLC d/b/a Mifen 101 Yao Ling Yao a/k/a Mifen 101 Hua Xi Wang and Xiaoli Xue,<br><br>        Counter-Defendants.<br>_____ | Civil Case No.: 25-CV-4614-SI<br><br>**DEFENDANTS LANTINGXU ONE LLC, YUZHU CHEN, AND JING ZENG'S NOTICE OF MOTION AND MOTION TO COMPEL ARBITRATION AND MOTION TO DISMISS OR STAY; MEMORANDUM OF POINTS & AUTHORITIES IN SUPPORT THEREOF**<br><br>Hearing Date: May 29. 2026<br>Time:          10:00 a.m.<br>Courtroom:    1<br>Judge:    Hon. Susan Illston<br><br>Trial Date:    None Set<br><br>*[Filed Concurrently Herewith: (1) Declaration of Bing Zhang Ryan in Support of Motion; (2) Request for Judicial Notice; and (3) [Proposed] Order]* |

DEFENDANTS' MOTION TO COMPEL ARBITRATION AND DISMISS OR STAY

## NOTICE OF MOTION

**PLEASE TAKE NOTICE** that, on May 29, 2026 @ 10:00 a.m. or at a date and time to be determined by this Court, the matter may be heard in the United States District Court for the Northern District of California, located at 450 Golden Gate Avenue, San Francisco, California 94102, before the Honorable Susan Illston, in Courtroom 1, Defendants and Counter-Claimants Lantingxu One LLC, Yuzhu Chen and Jing Zeng ("Defendants") will and hereby do move the Court for an Order (1) compelling arbitration of Plaintiffs Prince Fen Guizhou Cuisine Service LLC d/b/a Mifen 101 ("Prince Fen") and Xiaoli Xue's ("Xue", together "Plaintiffs") claims set forth in their First Amended Complaint against Defendants pursuant to the Federal Arbitration Act, 9 U.S.C. § 4; and (2) dismissing this matter against Defendants in its entirety for lack of subject matter jurisdiction pursuant to Fed. R. Civ. P. 12(b)(1). Alternatively, should this Court not dismiss this action, Defendants request an order staying the action pending completion of arbitration pursuant to 9 U.S.C. § 3. This motion is based on this Notice of Motion and Motion, the accompanying Memorandum of Points and Authorities, Request for Judicial Notice, the Declaration of Bing Zhang Ryan, and any of the evidence on file with the Court and/or may be presented in support of the motion during the hearing, and on such other written and oral argument presented to the Court.

DEFENDANTS' MOTION TO COMPEL ARBITRATION AND DISMISS OR STAY

- 1 -

**MEMORANDUM OF POINTS AND AUTHORITIES**

Defendants and Counter-Claimants Lantingxu One LLC, Yuzhu Chen and Jing Zeng ("Defendants") respectfully submit the following brief in support of their Motion to Compel Arbitration and Dismiss Claims for Lack of Subject Matter Jurisdiction, or Alternatively, Stay Proceedings Pending the Resolution of Arbitration, pursuant to the Federal Arbitration Act, 9 U.S.C. §§ 3-4 and Federal Rules of Civil Procedure 12(b)(1).[1] (the "Motion").

## I.   INTRODUCTION

Plaintiffs' claims against Defendants as contained in the First Amended Complaint (the "FAC") can be boiled down to the following three main disputes: (1) who is the rightful owner of the "Guizhou Hua Xi Wang" or "Hua Xi Wang" marks (the "Marks"); (2) whether Defendants Zeng and Cheng breached the Operating Agreement, executed by Plaintiffs and Zeng on or around December 26, 2022 (the "2022 Operating Agreement"); and (3) whether Defendants misappropriated the alleged "trade secret" of Plaintiff Prince Fen.

The 2022 Operating Agreement contains an arbitration provision, for which Plaintiffs agreed to be bound in 2022. The parties did not sign any other agreements subsequently. The first and the second disputes as stated above are covered by the terms of the 2022 Operating Agreement as this Agreement specifically lists Chen as a beneficiary and admits Chen's ownership of the "Guizhou Hua Xi Wang" Mark and the related recipes (the "Recipes"). The third dispute should be dismissed, as elaborated in Defendants' Motion to Dismiss. Therefore, the arbitration provision in the 2022 Operating Agreement encompasses at least some of (if not all of) the disputes contained in the FAC.

Defendants have also taken consistent actions to save the parties' legal fees and to enforce the arbitration provision. First, Plaintiffs, not Defendants, initiated two civil actions. Defendants Chen and Zeng were forced to file a civil action in the state court only after being

---

[1] Defendants file a Motion to Dismiss for Failure to State Claims ("Motion to Dismiss") concurrently to reserve their rights to respond to the First Amended Complaint. If this Court grants Defendants' Motion to Compel Arbitration, Defendants' Motion to Dismiss is moot.

DEFENDANTS' MOTION TO COMPEL ARBITRATION AND DISMISS OR STAY

sued by Plaintiffs and to preserve their legal remedies. Second, once Defendants discovered the arbitration provision by reviewing Plaintiffs' motion to compel arbitration in one of the state court actions, Defendant Lantingxu informed this Court of its intention to compel arbitration. Defendants' subsequent agreement to consolidate all three pending actions is not inconsistent with their intention to compel arbitration as consolidation and arbitration will reduce litigation costs for both parties significantly. Importantly, both Prince Fen and Lantingxu are small businesses. However, the FAC expanded the scope of litigation significantly by including four more individuals as defendants and nine more additional claims (even including a RICO claim mainly based on what Defendants may or may not say on social media concerning Plaintiffs). All of these individuals and businesses (including Plaintiffs) will be burdened by legal costs incurred in this action unnecessarily. By enforcing the arbitration provision in the 2022 Operating Agreement, the parties can save significant legal fees and time needed to fight legal battles.

As the arbitration provision in the 2022 Operating Agreement encompasses at least some disputes contained in the FAC and that enforcing the arbitration provision can save resources both for this Court and the parties, this Court should grant the Motion and dismiss the FAC in its entirety. Alternatively, if the Court rules that some of the claims against Defendants are not covered by the 2022 Operating Agreement, Defendants respectfully request that this Court stay the non-arbitrable claims, pending the resolution of the arbitration to achieve judicial efficiency and avoid inconsistent rulings. ***Defendants further request this Court to bifurcate this Motion and the Motion to Dismiss, filed by Defendants solely to reserve their right to respond to the FAC. If this Court rules on this Motion first and grant this Motion, the parties no longer need to complete briefing relating to Defendants' Motion to Dismiss.***

## II.     LEGAL STANDARD

### A.  Legal Standard for Dismissal for Motion to Dismiss

Lack of subject matter jurisdiction is never waived and may be raised at any stage of a proceeding.  Fed. R. Civ. P. 12(h)(3); *United States v. Gabel*, 2002 U.S. Dist. LEXIS 11533, at *28. This Court can dismiss Plaintiff's claim under Federal Rule of Civil Procedure 12(b)(1). *Filimex, LLC v. Novoa Invs.*, 2006 U.S. Dist. LEXIS 56039, at *5-7, *14-17 (D. Ariz. July 17,

DEFENDANTS' MOTION TO COMPEL ARBITRATION AND DISMISS OR STAY

2006). Specifically, courts in this district have held that a Rule 12(b)(1) motion to dismiss for lack of subject matter jurisdiction is a procedurally sufficient mechanism to enforce an arbitration provision. *GT Secs., Inc. v. Klastech GmbH*, 2014 U.S. Dist. LEXIS 88237, at *60 (N.D. Cal. June 27, 2014) (citing *Filimex*); *ASUS Computer Int'l v. InterDigital, Inc.*, 2015 U.S. Dist. LEXIS 118794, at *7-8 (N.D. Cal. August 25, 2015). The Federal Arbitration Act similarly authorizes courts to dismiss an action "[w]here the claims alleged in a pleading are subject to arbitration." *Lewis v. UBS Fin. Servs. Inc.*, 818 F. Supp. 2d 1161, 1165 (N.D. Cal. 2011) (citing 9 U.S.C. § 3).

When ruling on a motion to dismiss, courts may consider documents incorporated by reference and matters subject to judicial notice without converting the motion into one for summary judgement. *Khoja v. Orexigen Therapeutics, Inc.*, 899 F.3d 988, 998 (9th Cir. 2018). Documents incorporated by reference include those that a complaint refers "'extensively to'" or that "'for[m] the basis of the plaintiff's claim,'" *Id*. at 1002 (quoting *United States v. Ritchie*, 342 F.3d 903, 907 (9th Cir. 2003), as well as documents that the complaint "necessarily relies" on the authenticity and relevance of which are uncontested. *Coto Settlement v. Eisenberg*, 593 F.3d 1031, 1038 (9th Cir. 2010).

### B.  Legal Standard for Compelling Arbitration

A party seeking to enforce an arbitration agreement may petition to compel arbitration in the district court. 9 U.S.C. § 4. When a party petitions to compel arbitration, "the district court's role is limited to determining whether a valid arbitration agreement exists and, if so, whether the agreement encompasses the dispute at issue. If the answer is yes to both questions, the court must enforce the agreement." *Lifescan, Inc. v. Premier Diabetic Servs., Inc.*, 363 F.3d 1010, 1012 (9th Cir. 2004). "[A]ny doubts concerning the scope of arbitrable issues should be resolved in favor of arbitration[.]" *Moses H. Cone Mem'l Hosp. v. Mercury Const. Corp.*, 460 U.S. 1, 24-25 (1983). Where all the claims are subject to arbitration, a district court may stay the action

DEFENDANTS' MOTION TO COMPEL ARBITRATION AND DISMISS OR STAY

- 4 -

pending arbitration or dismiss the action. *Sparling v. Hoffman Const. Co., Inc.*, 864 F.2d 635, 638 (9th Cir. 1988).

Questions of arbitrability must be addressed with a healthy regard for the federal policy of favoring arbitration. *Mercury Const. Corp.*, 460 U.S. 1 at 24. The burden on the moving party is light; even "the most minimal indication of the parties' intent to arbitrate must be given full effect." *Republic of Nicaragua v. Standard Fruit Co.*, 937 F.2d 469, 478 (9th Cir. 1991).

## III.    ARGUMENT

### A. This Court Should Enforce the Valid Arbitration Provision Contained in the 2022 Operating Agreement

Plaintiffs admit that Prince Fen required its members to sign the 2022 Operating Agreement. FAC. FAC ¶ 34. Plaintiffs also refer extensively the content of the 2022 Operating Agreement throughout the FAC and heavily rely on the Agreement in alleging a breach of contract claim against Defendants. *Id*. ¶¶ 1, 6, 25, 31-45, 79, 89-92, 153-155, 157-168, 183, 185, 189-190, 194. Provision 8.2 of the 2022 Operating Agreement states that "[a]ny claims or disputes arising out of this Agreement which cannot be resolved amicably between the parties shall be settled by submission to the American Arbitration Association (the "AAA") for binding arbitration to be conducted in San Francisco, California." Declaration of Bing Zhang Ryan in Support of Motion to Compel Arbitration and Motion to Dismiss ("Ryan Decl.") Exhibit B. Provision 8.2 goes further by specifying how the arbitration shall be conducted, including how many arbitrators the parties should use, who should bear arbitration costs, and what arbitration rules the parties should comply with. *Id*. Plaintiff Xue signed the 2022 Operating Agreement as Manager of Prince Fen on February 3, 2023. *Id*. Defendant Zeng also signed the Agreement as a member of Prince Fen. *Id*. Although Chen did not sign the Agreement, he is included as a third-party beneficiary. The Agreement also states that he is the "sole owner" of the Recipes and the "Guizhou Hua Xi Wang" Mark. *Id*. Therefore, any disputes between the parties relating to the Marks and the Recipes are also subject to arbitration.

DEFENDANTS' MOTION TO COMPEL ARBITRATION AND DISMISS OR STAY

- 5 -

Because Plaintiff Xue entered into a valid agreement on behalf of Plaintiff Prince Fen, in which contains an arbitration provision, this Court should compel Plaintiffs to arbitrate their disputes pursuant to Provision 8.2 of the 2022 Operating Agreement.

**B. This Court Should Compel Arbitration Because the 2022 Operating Agreement Encompasses Main Disputes Contained in the FAC**

Despite the various claims asserted by Plaintiffs, the allegations contained in the FAC can be boiled down to three main disputes between Plaintiffs and Defendants: (1) Who is entitled to use the "Guizhou Hua Xi Wang" or "Hua Xi Wang" Marks (from the first to the sixth claims, the eleventh and fifteenth claims); (2) whether Defendants breached the terms of the 2022 Operation Agreement (the sixth, ninth, tenth, thirteenth, and the fourteenth claim);(3) whether Defendant Lantingxu somehow took advantage of Prince Fen's alleged "trade secrets", such as its menu and site selection, "business plan", and customer bases (the sixth, seventh, eighth, and twelfth claims)

Plaintiffs admit that Provision 2.8 of the 2022 Operating Agreement "identified Chen as the 'claimed sole owner' of certain recipes and the brand '贵州花溪王 (Guizhou Hua Xi Wang)'" and that Chen agreed to grant "Prince Fen a license to operate using those recipes and [the Guizhou Hua Xi Wang] brand." FAC ¶ 35. According to Plaintiffs, Provision 2.8 further states that Prince Fen shall pay Chen "franchise or licensing fee" "by way of receiving distributions from the Company on his membership interest in the Company." *Id*. It is then undisputed that Chen was the original owner of the "Guizhou Hua Xi Wang" Mark and that Prince Fen agreed to pay Chen franchise or licensing fee by Chen's permission for Prince Fen to use this Mark and the related recipes. Therefore, the terms of the 2022 Operating Agreement is also directly related to the dispute regarding who is the rightful owner of the "Guizhou Hua Xi Wang" or "Hua Xi Wang" Marks.

Plaintiffs' attempt to separate "Guizhou Hua Xi Wang" and "Hua Xi Wang" into two distinctive Marks is also governed by the terms of the 2022 Operating Agreement. Essentially, Plaintiffs dispute whether Defendant Chen only granted Prince Fen the "Guizhou Hua Xi Wang" Mark, not the "Hua Xi Wang" brand based on the terms of the 2022 Operating Agreement. The parties' original understanding when they entered into the 2022 Operating Agreement and

DEFENDANTS' MOTION TO COMPEL ARBITRATION AND DISMISS OR STAY

whether their subsequent actions reinforced or contradicted their original understanding are also relevant in resolving this dispute. Again, all these facts circle around the 2022 Operating Agreement.

As for the alleged "trade secret" misappropriation and the related claims, as stated in the Defendants' Motion to Dismiss, filed concurrently, Plaintiffs fail to allege sufficient facts to support these claims. Therefore, these claims should be dismissed.

As at least some of the claims contained in the FAC are covered by the terms of the 2022 Operating Agreement, this Court should grant the Motion.

**C. The First Amended Complaint Should be Dismissed or Stayed Pending Arbitration**

Finally, this Court should dismiss Plaintiff's claims in favor of arbitration. The Ninth Circuit has held that when arbitration is mandatory, the Court has discretion to dismiss the case. *See Sparling v. Hoffman Constr. Co.*, 864 F.2d 635, 638 (9th Cir. 1988). When all of the claims are subject to arbitration, it is particularly appropriate for the Court to dismiss the action in its entirety. *Hopkins & Carley, ALC v. Thomson Elite*, 2011 U.S. Dist. LEXIS 38396 at \*\*28-29.

Alternatively, this case should be stayed pending completion of arbitration. Once a moving party establishes that the claims at issue fall arguably within the scope of a valid arbitration clause, the district court must grant the motion to compel arbitration and either dismiss or stay the litigation. 9 U.S.C. § 3 (court "shall on application of one of the parties stay the trial of the action until such arbitration has been had in accordance with the terms of the agreement"); *see also Davis v. CACH, LLC*, 2015 WL 913392, at \*8 (N.D. Cal. Mar. 2, 2015) (court "must stay litigation pending completion of arbitration" under FAA when issues are referable under agreement); *Lewis*, 818 F. Supp. 2d at 1165 (court has discretion to dismiss or stay arbitrable claims).

Even if the Court rules that some of the claims are not covered by the 2022 Operating Agreement, it should compel arbitration for covered claims and stay litigation for the non-arbitrable claims pending the result of the arbitration. This is especially true when, to the minimum, the parties' main disputes are covered by the 2022 Operating Agreement. It is

DEFENDANTS' MOTION TO COMPEL ARBITRATION AND DISMISS OR STAY

procedurally more efficient and effective to have the parties first arbitrate the covered main claims and then litigate the non-arbitrable claims, if necessary.

### D. Defendants Have Acted Consistently to Save Legal Costs and Enforce Arbitration and Did Not Waive Their Right to Arbitrate

"'The test for waiver of the right to compel arbitration consists of two elements: (1) knowledge of an existing right to compel arbitration; and (2) intentional facts inconsistent with that existing right.'" *Huynh v. Allstate Northbrook Indem. Co.*, 2025 U.S. Dist. Lexis 223715, at *9. Each of these factors is in favor of Defendants.

First, Defendants became aware of the arbitration provision by reviewing the motion to compel arbitration filed by Plaintiffs on October 23, 2025. Ryan Decl. ¶ 5; Exhibit A. While Xue did not meet and confer with Defendants before she filed this motion, Defendant did not oppose the motion. *Id*. Second, Plaintiffs were the ones who filed this action and in the first state action (the "First State Action"). *Id*. ¶ 3. Defendants only took actions to defend claims initiated by Plaintiffs, such as filing counterclaim in this action and initiating the second state action (the "Second State Action") after they no longer had a chance to file counterclaim in the First State Action. *Id*. ¶¶ 3-5. Defendant did not initiate any activities both in this action and in the two state actions after they discovered the arbitration provision. *Id*. Indeed, all Defendants did in all three actions after October 23, 2025 was to follow procedures of each case to avoid default, including filing Case Management Statement and attending case management conferences. *Id*. ¶¶ 3-6. Third, Defendants have taken active steps to reduce legal fees for both parties in all three cases, including conducting settlement discussion and agreeing to case consolidation. *Id*. ¶¶ 7-8. Defendants' actions to resolve disputes informally and to consolidate cases are not inconsistent with their intention to enforce their arbitration right. All these actions can reduce legal fees and time to resolve the parties' disputes significantly. Fourth, Defendants informed this Court that they intended to move to compel arbitration in late January 2026. *Id*. ¶ 6; Docket # 37.

Importantly, Plaintiffs filed a motion to compel arbitration on October 23, 2025 in the Second State Action, which shows Plaintiffs' intention to comply with the arbitration provision. However, in the FAC, Plaintiffs significantly expanded the litigation scope of this action by

DEFENDANTS' MOTION TO COMPEL ARBITRATION AND DISMISS OR STAY

adding four additional individuals and nine additional claims, even including a RICO claim in a civil dispute between two small businesses. Plaintiffs' inconsistent conduct shows that their true intention was to force Defendants incurring legal fees unnecessarily, not to resolve the parties' disputes in good faith. Indeed, as a small business and individuals who do not possesses financial resources, Defendants will be prejudiced should the Court deny the Motion.

As Defendants have taken consistent actions to avoid litigation and that they have not taken actions inconsistent with their right to arbitrate, this Court should grant the Motion.

### E. Defendants Request this Court to Rule on this Motion before Ruling on the Motion to Dismiss

Defendants filed a Motion to Dismiss concurrently in this case solely for the purpose of reserving their right to respond to the FAC. To achieve judicial efficiency and to reduce the parties' litigation costs, Defendants respectfully request that this Court bifurcate the two motions by allowing the parties to first complete the briefings for this Motion. Should the Court grant the Motion, Defendants' Motion to Dismiss is moot and that the parties no longer need to complete the briefings relating to Defendants' Motion to Dismiss.

## IV.   CONCLUSION

For all the foregoing reasons, Defendants respectfully request that the Court issue an order compelling Plaintiffs to arbitrate at least some disputes raised in the FAC by following the protocols contained in Provision 8.2 of the 2022 Operating Agreement, which was previously agreed upon by Plaintiffs. This Court should also dismiss this action or stay any judicial proceedings pending the completion of arbitration.

DATED:  April 22, 2026                           **ZHANG LAW LLP**


                                                            /s/ Bing Zhang Ryan
                                          Bing Zhang Ryan (Bar No.: 228641)
                                          2950 Buskirk Avenue, Suite 300
                                          Walnut Creek, CA  94597
                                          Telephone: (925) 257-3097

DEFENDANTS' MOTION TO COMPEL ARBITRATION AND DISMISS OR STAY

- 9 -

Email: bzhanglaw@gmail.com

*Attorney for Defendants and Counter-Claimants*
*Lantingxu One LLC, Yuzhu Chen and Jing Zeng*

DEFENDANTS' MOTION TO COMPEL ARBITRATION AND DISMISS OR STAY

- 10 -

## CERTIFICATE OF SERVICE

I, Bing Zhang Ryan, hereby declare as follows:

I am employed by Zhang Law Group, 2950 Buskirk Avenue, Suite 300, Walnut Creek, California, 94597. I am over the age of 18 years and am not a party to this action.  On April 22, 2026, I served true and correct copy of:

**DEFENDANTS LANTINGXU ONE LLC, YUZHU CHEN, AND JING ZENG'S NOTICE OF MOTION AND MOTION TO COMPEL ARBITRATION AND MOTION TO DISMISS OR STAY; MEMORANDUM OF POINTS & AUTHORITIES IN SUPPORT THEREOF**

__X__    by sending the document(s) listed above to the following party via E-service in accordance with Zhang Law Group's ordinary business practices:

Richard Liu                                    **Attorney for Plaintiffs**

richard.liu@consultils.com

I declare under penalty of perjury pursuant to the laws of the United States that the foregoing is true and correct.

Executed at Walnut Creek, California, on April 22, 2026.

/s/ Bing Zhang Ryan
Bing Zhang Ryan